# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**K.J. BRUBAKER, M.C. HOLIFIELD, A.Y. MARKS**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**ALEXANDER K. GREEN**
**SERGEANT (E-5), U.S. MARINE CORPS**

**NMCCA 201400428**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged:** 14 July 2014.
**Military Judge:** Col P.H. McConnell, USMC.
**Convening Authority:** Commanding General, 3d MAW, Marine Corps Air Station Miramar, San Diego, CA.
**Staff Judge Advocate's Recommendation:** Col D.K. Margolin, USMC.
**For Appellant:** Capt Michael B. Magee, USMC.
**For Appellee:** LCDR Keith B. Lofland, JAGC, USN; Maj Tracey L. Holtshirley, USMC.

**11 August 2015**

---
## OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of one specification each of willfully disobeying a lawful order of a superior commissioned officer, making a false official statement, committing an assault consummated by a battery, and endangering the welfare of a child through culpable negligence, and two specifications each of endeavoring to impede a trial by

court-martial and committing adultery, in violation of Articles 90, 107, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 907, 928, and 934. The appellant was sentenced to confinement for 12 months and a bad-conduct discharge. As the terms of the pretrial agreement did not affect the sentence, the convening authority (CA) approved the sentence as adjudged and, except for the bad-conduct discharge, ordered it executed.

In his sole assignment of error, the appellant contends that he was denied "legally correct post-trial processing" and asks that this court remand his case to the appropriate CA for proper post-trial processing. Specifically, the appellant avers that the second addendum to the staff judge advocate's recommendation (SJAR) and the CA's order erroneously reflect that he was found guilty of aggravated assault. While the appellant is correct that these two documents do not accurately reflect the court-martial's results, we find no prejudice and, therefore, no need to remand for new post-trial processing. We shall order the necessary corrective action in our decretal paragraph.

Otherwise, after conducting a thorough review of the record of trial and allied papers, we are convinced that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant occurred. Arts. 59(a) and 66(c), UCMJ.

**Errors in the Court-Martial Order**

At trial, the appellant was charged with, *inter alia*, aggravated assault in violation of Article 128, UCMJ. He pleaded guilty to this specification, excepting the words "with a force likely to produce . . . death or grievous bodily harm."[1] Pursuant to the pretrial agreement, following acceptance of the appellant's pleas by the military judge, the Government withdrew all charges, specifications, and language to which the appellant pleaded not guilty. When the military judge subsequently announced his sentence, these withdrawn charges, specifications, and language were dismissed by the CA with prejudice.

The amended report of result of trial, provided to the CA as an enclosure to the second addendum to the SJAR, properly indicates the appellant's plea by exception. This was done by placing an asterisk next to the "G" for Specification 2 of Charge III under the column entitled "Pleas," and a footnote

---

[1] Record at 64.

2

annotating that the plea was "GUILTY, excepting the language 'with a force likely to produce death or grievous bodily harm.'"[2] No such asterisk appears beside the "G" in the "FINDINGS" column for this specification. The appellant's trial defense counsel failed to mention this omission when given an opportunity to comment on the second addendum to the SJAR.[3] The same convention was carried over to the CA's promulgating order, with the asterisk and accompanying note appearing to apply only to the appellant's plea.

The appellant claims that, because the amended report of result of trial did not specifically state he was convicted of the lesser offense of assault consummated by a battery, and that the report was attached to the second addendum to the SJAR for the CA to consider, the CA misunderstood the conduct of which the appellant was convicted when he took action on the record of trial. We disagree.

While the second addendum to the SJAR and the CA's order may be read as indicating that the appellant was found guilty of the specification as alleged, we cannot say that this scrivener's error prejudiced the appellant. The record of trial shows the military judge found the appellant "To Specification 2 [of Charge III] *as excepted*: GUILTY."[4] Also, Part I of the pretrial agreement signed by the CA specifically states that the agreement was predicated on the appellant pleading guilty, by exceptions, only to assault consummated by a battery. The court-martial order clearly states that the CA considered the pretrial agreement, the results of trial, the record of trial, and the defense's clemency request prior to taking action. We have little difficulty concluding that the CA accurately understood the conduct of which the appellant was convicted prior to the CA taking action on the record of trial.

---

[2] Amended Report of Result of Trial dated 4 November 2014 at 1.

[3] The original report of result of trial was amended to reflect that the original Specification 2 of Charge III was withdrawn prior to trial, and that Specification 3 of Charge III was renumbered as Specification 2. The issue regarding the missing asterisk, however, was present in both the original and amended report of result of trial.

[4] Record at 128 (emphasis added). We note that this language, too, is inaccurate in that it ignores that the excepted language was withdrawn by the Government immediately before the military judge announced his findings. Regardless, it is obvious that the military judge did not find the appellant guilty of aggravated assault.

3

While we find the appellant's argument that he was somehow prejudiced by the inaccuracy of the post-trial documents to be without merit, the appellant is entitled to records that correctly reflect the results of court-martial proceedings. *See United States v. Crumpley*, 49 M.J. 538, 539 (N.M.Ct.Crim.App. 1998).

## Conclusion

The findings and the sentence are affirmed. The supplemental court-martial order shall reflect that the appellant was found guilty of Specification 2 of Charge III only after the words "with a force likely to produce death or grievous bodily harm" were withdrawn and dismissed pursuant to the pretrial agreement.

For the Court

R.H. TROIDL
Clerk of Court

4